IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| 2121 ABBOTT MARTIN PARTNERS, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:18-cv-00683 ) |
| YONG Y. LEE, et al., | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) ) |

# MEMORANDUM

## I. Introduction

Pending before the Court is a Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Doc. No. 27), filed by Defendants Yong Y. Lee, Dong Y. Lee, Joong S. Seo, and Hyunmi K. Seo. Plaintiffs have filed responses to the Motion (Doc. Nos. 36, 63) and Defendants have filed a reply brief (Doc. No. 40). For the reasons set forth below, the Motion for Partial Judgment on the Pleadings (Doc. No. 27) is **DENIED**.

## II. Factual and Procedural Background

In their Amended Complaint (Doc. No. 42),[1] Plaintiffs 2121 Abbott Martin Partners, LLC, and Bradford Realty Partners allege they are owners of certain real property located in Nashville, Tennessee, on which Defendants Yong Y. Lee, Dong Y. Lee, Joong S. Seo, Hyunmi K. Seo, and Greg Davis formerly owned and/or operated a dry-cleaning business. Plaintiffs allege the site has been contaminated with material used in the dry-cleaning business, and seek

---

[1] The Amended Complaint was filed while Defendants' Motion was pending, but does not moot the issue raised in the Motion.

relief from Defendants under the Comprehensive Environment Response Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9501, *et seq.* ("CERCLA").

More specifically, Plaintiffs allege they incurred costs in cleaning up the contamination between 2007 and approximately 2013, and Count I seeks recovery of those costs based on CERCLA Section 107(a) (42 U.S.C. § 9607(a)).[2] Plaintiffs further allege that, as part of an administrative settlement ("the Brownfield Voluntary Agreement" or "BVA") with the Tennessee Department of Environment and Conservation ("TDEC") entered on June 15, 2018, they have incurred other costs, and expect to incur additional costs in the future, and Count II seeks recovery of those costs based on CERCLA Section 113(f)(3)(B) (42 U.S.C. § 9613(f)(3)(B)). All the defendants except Greg Davis have filed the pending Motion for Partial Judgment on the Pleadings (Doc. No. 27) seeking to dismiss Count I.

### III. Analysis

**A. The Standards Governing Motions for Judgment on the Pleadings**

In considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, a court must determine whether the allegations establish the party making the motion is entitled to judgment as a matter of law. *Depositors Ins. Co. v. Estate of Ryan,* 637 Fed. Appx. 864, 868 (6th Cir. 2016); *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir.2007). The court is to accept as true all well-pleaded material allegations of the complaint. *Id.* The court need not accept as true, however, legal conclusions or unwarranted factual inferences. *Id.*

---

[2] As the parties primarily refer to CERCLA's Public Law sections in their filings, the Court will do so as well.

## B. CERCLA Sections 107(a) and 113(f)(3)(B)

Defendants argue Count I should be dismissed because Plaintiffs may only seek to recover their cleanup costs under Section 113(f)(3)(B),[3] not Section 107(a),[4] given that Plaintiffs have entered into a settlement agreement with TDEC. Plaintiffs argue they are entitled to seek recovery under Section 107(a) for costs that were not incurred as part of the settlement agreement with TDEC.

As noted by the Supreme Court in *United States v. Atlantic Research Corp.*, 551 U.S. 128, 127 S. Ct. 2331, 2333, 168 L.Ed.2d 28 (2007), both Sections 107(a) and 113(f)(3)(B) "allow private parties to recover expenses associated with cleaning up contaminated sites." Section 107(a) permits a private party to recoup CERCLA-related costs from other potentially responsible parties ("PRPs"). *Id.* Section 113(f)(3)(B) permits a private party to seek contribution

---

[3] Section 113(f)(3)(B) provides:

> (B) A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2).

42 U.S.C. § 9613(f)(3)(B).

[4] Section 107(a) provides:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;

42 U.S.C. § 9607(a).

from other PRPs after it has settled its liability with either the federal or state government. 127 S. Ct. at 2334 n. 1. The Court described the interaction between these two provisions as follows:

> Section 113(f) explicitly grants PRPs a right to contribution. Contribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.' Black's Law Dictionary 353 (8th ed.2004). Nothing in § 113(f) suggests that Congress used the term 'contribution' in anything other than this traditional sense. The statute authorizes a PRP to seek contribution 'during or following' a suit under § 106 or § 107(a). 42 U.S.C. § 9613(f)(1). Thus, § 113(f)(1) permits suit before or after the establishment of common liability. In either case, a PRP's right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of common liability among liable parties.
>
> By contrast, § 107(a) permits recovery of cleanup costs but does not create a right to contribution. A private party may recover under § 107(a) without any establishment of liability to a third party. Moreover, § 107(a) permits a PRP to recover only the costs it has 'incurred' in cleaning up a site. 42 U.S.C. § 9607(a)(4)(B). When a party pays to satisfy a settlement agreement or a court judgment, it does not incur its own costs of response. Rather, it reimburses other parties for costs that those parties incurred.
>
> Accordingly, the remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action 'to persons in different procedural circumstances.' . . . Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under § 106 or § 107(a). And § 107(a) permits cost recovery (as distinct from contribution) by a private party that has itself incurred cleanup costs. Hence, a PRP that pays money to satisfy a settlement agreement or a court judgment may pursue § 113(f) contribution. But by reimbursing response costs paid by other parties, the PRP has not incurred its own costs of response and therefore cannot recover under § 107(a). As a result, though eligible to seek contribution under § 113(f)(1), the PRP cannot simultaneously seek to recover the *same expenses* under § 107(a).

127 S. Ct. at 2337-38 (footnotes and citations omitted) (emphasis added).

In *Whittaker Corp. v. United States,* 825 F.3d 1002 (9th Cir. 2016), the Ninth Circuit considered whether a plaintiff may proceed under Section 107(a) to recover expenses incurred to remove contaminants on its land that were *not* the same expenses it incurred as part of a separate settlement. The defendant argued the plaintiff was barred from bringing the action because the

4

plaintiff had previously settled a separate case brought by water providers (the *Castaic Lake* plaintiffs) who alleged their water had been contaminated by a pollutant (perchlorate) on the land. Because the plaintiff had entered into a settlement of the water contamination case, the defendant argued the plaintiff could only seek recovery under Section 113(f) for contribution.

Relying on *Atlantic Research Corp.,* the court explained that the remedies provided in Sections 107(a) and 113(f) are distinct: "A party uses contribution to get reimbursed for being made to pay more than its fair share to someone else, and uses cost recovery to get reimbursed for its own voluntary cleanup costs." 825 F.3d at 1007. In concluding the plaintiff was not required to bring the action under Section 113(f), the court reviewed relevant case law and looked to the costs the plaintiff sought to recover: "In this case, Whittaker was found liable to the *Castaic Lake* plaintiffs for the expenses specifically related to removing perchlorate from the plaintiffs' wells and replacing their water. Whittaker now seeks reimbursement from the government [as a PRP] for a different set of expenses, for which Whittaker was not found liable in *Castaic Lake*." 825 F.3d at 1011. Consequently, the court reasoned, the plaintiff was not barred from bringing an action under Section 107 to recover those other costs. *See also Bernstein v. Bankert,* 733 F.3d 190 (7th Cir. 2013) (holding the plaintiff was not required to bring a contribution action under Section 113(f), rather than Section 107, for expenses it incurred under a consent decree that was not yet final).

To support their argument that Plaintiffs' Section 107 claim is barred, Defendants cite case law holding that the remedies in Sections 113(f) and 107(a) are mutually exclusive. *See, e.g., Hobart Corp. v. Waste Management of Ohio, Inc.,* 758 F.3d 757 (6th Cir. 2014). A review of this case law, however, indicates that these courts were referring to claims brought by a plaintiff

5

under both sections *for the same expenses.* The CERCLA claims brought in this case do not seek recovery of the same expenses.

Plaintiffs brought the contribution claim under Section 113(f) (Count II) to recover "Defendants' respective equitable shares of all costs and damages incurred by Plaintiffs in connection with the BVA. . ." (Doc. No. 42 ¶ 53). Plaintiffs' Section 107 claim (Count I) seeks "all costs of response actions taken or funded by the Plaintiffs in connection with the Site, except for costs incurred pursuant to the BVA for which Plaintiffs seek recovery under Count II, below." (*Id.* ¶ 48).[5] As in *Whittaker,* Plaintiffs are not barred from bringing a claim under Section 107(a) for costs that were not incurred as part of their settlement with TDEC.

Defendants also argue the costs Plaintiffs seek to recover in Count I are not actually "separate" from those sought in Count II because the BVA requires complete clean up of the site. The Amended Complaint alleges, however, that Plaintiffs incurred costs for remedial work performed on the site between 2007 and approximately 2013, and that Plaintiffs' first interaction with TDEC began in 2016. (*Id.* ¶¶ 28-29). At this stage of the proceedings, the Court must accept these allegations as true. Defendants' factual argument to the contrary does not support dismissal of Count I at this stage of the proceedings.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Doc. No. 27) is denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Count II alternatively seeks response costs not incurred under the BVA but only in the event those costs "are not recoverable under Section 107." (*Id.* ¶ 54.)